# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. JACK KAVANAUGH, an individual; and LESLIE KAVANAUGH, an individual,<br><br>                Plaintiffs,<br><br>    vs.<br><br>ALLSTATE INSURANCE COMPANY, an Illinois corporation; and DOES 1 though 20, Inclusive,<br><br>                Defendants. | Docket No. 2:14-CV-06280-AJW<br><br>Assigned to the<br>Hon. Andrew J. Wistrich<br>Courtroom 690<br><br>**ORDER FOR PROTECTION OF PRIVATE INFORMATION PURSUANT TO STIPULATION**<br><br>Complaint Filed: July 16, 2014 |

///

///

///

*MacGregor & Berthel*

**BASED UPON THE STIPULATION OF THE PARTIES, FILED CONCURRENTLY HEREWITH, IT IS HEREBY ORDERED:**

That to preserve the protectible character of claimed proprietary information in the pending action, the following shall govern the disclosure of information regarded as confidential:

**A. LIMITATIONS ON USE OF CONFIDENTIAL INFORMATION**

1. **"Confidential Information"** as used herein means any type of information which is designated as confidential by the supplying party, whether it be a document or thing, information contained in a document or thing, information revealed during a deposition, information revealed in an interrogatory answer or otherwise. Documents so designated shall be accessible only to the following persons:

 (a) Parties to this action;

 (b) Attorneys of record in this litigation and any associated counsel, and employees of such attorneys and counsel to whom it is necessary that the information be disclosed for purposes of this litigation, as well as in house general counsel for the corporate parties;

 (c) Any person employed by a party or its/his attorneys of record in this litigation or jointly by the parties as an independent expert who agrees in writing to be bound by the terms of this Protective Order; and

 (d) The Court, arbitrators and/or mediators.

2. Any information designated as **Confidential Information** shall not be made available by the party receiving it to any persons or entities other than those persons identified hereinabove in paragraph 1, except when disclosure is required by law or is disclosed by a third party who has a lawful right to so disclose.

///

3. Any information designated as **Confidential Information** shall not be used by the other party *for any purpose other than in connection with this litigation*.

### B. LIMITATIONS ON THE USE OF CONFIDENTIAL INFORMATION --COUNSELS' EYES ONLY

4. **"Confidential Information -- Counsels' Eyes Only"** as used herein means any type of information which is designed as confidential -- counsels' eyes only by the supplying party, whether it be a document or thing, information contained in a document or thing, information revealed during a deposition, information revealed in an interrogatory answer or otherwise. Documents so designated shall be accessible only to the following persons:

(a) Attorneys of record in this litigation and any associated counsel, and employees of such attorneys and counsel to whom it is necessary that the information be disclosed for purposes of this litigation as well as in house general counsel for the corporate parties; and

(b) Any person employed by a party or its/his attorneys of record in this litigation or jointly by the parties as an independent expert who agrees in writing to be bound by the terms of this Protective Order; and

(c) The Court, during trial, arbitration and/or mediation.

5. Any information designated as **Confidential Information -- Counsels' Eyes Only** shall not be made available by the party receiving it to any persons or entities other than those persons identified hereinabove in paragraph 4, except when disclosure is required by law or is disclosed by a third party who has a lawful right to so disclose.

6. Any information designated as **Confidential Information -- Counsels' Eyes Only** shall not be used by the other party *for any purpose other than in connection with this litigation.*

**C. PROCEDURE FOR DESIGNATION OF CONFIDENTIAL INFORMATION**

7. Documents and things produced which contain **Confidential Information** may be designated as such by marking each page of the document or thing substantially as follows:

> **"CONFIDENTIAL"** or **"CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER"**

In lieu of marking the original of documents, the party may mark the copies that are produced or exchanged. If documents are produced for inspection pursuant to the Protective Order, marking of the documents as **Confidential Information** may be delayed until after the selection of the documents for copying by the receiving party, but before copying.

8. Information disclosed at the deposition of a party or one of its/her present or former officers, directors, employees, agents, or independent experts retained by a party for purposes of this litigation may be designated as **Confidential Information** by indicating on the record at the deposition that the testimony is **Confidential Information** and subject to the provisions of this Order.

9. The designating party shall have the right to have all persons, except the witness, and those persons identified hereinabove in paragraph 1, and court personnel excluded from the deposition room before the taking of testimony or any part thereof which the designating party designates as **Confidential Information**

10. Responses to particular interrogatories and requests for admission which contain **Confidential Information** shall contain a statement to the effect that "This Response Contains Confidential Information." Each portion of the response to a particular interrogatory which contains **Confidential Information** shall be contained in brackets. The **"Confidential Information"** legend shall be placed on the first page of any set of responses which contain responses containing **Confidential Information**.

### D. PROCEDURE FOR DESIGNATION OF CONFIDENTIAL INFORMATION -- COUNSELS' EYES ONLY

11. Documents and things produced which contain **Confidential Information -- Counsels' Eyes Only** may be designated as such by marking each page of the document or things substantially as follows:

**"CONFIDENTIAL -- COUNSELS' EYES ONLY"**

In lieu of marking the original of documents, the party may make the copies that are produced or exchanged. If documents are produced for inspection pursuant to the Protective Order, marking of the documents as **Confidential Information -- Counsels' Eyes Only** may be delayed until after the selection of the documents for copying by the receiving party, but before copying.

12. Information disclosed at the deposition of a party or one of its/her present or former officers, directors, employees, agents, or independent experts retained by a party for purposes of this litigation may be designated as **Confidential Information -- Counsels' Eyes Only** by indicating on the record at the deposition that the testimony is **Confidential Information – Counsels' Eyes Only** and subject to the provisions of this Order.

13. The designating party shall have the right to have all persons, except the witness, and those persons identified hereinabove in paragraph 4, and court personnel excluded from the deposition room before the taking of testimony or any part thereof which the designating party designates as **Confidential Information**

14. Responses to particular interrogatories and requests for admission which contain **Confidential Information -- Counsels' Eyes Only** shall contain a statement to the effect that "This Response contains Confidential Information -- Counsels' Eyes Only." Each portion of the response to a particular interrogatory which contains **Confidential Information -- Counsels' Eyes Only** shall be contained in brackets. The **"Confidential Information -- Counsels' Eyes Only"** legend shall be placed on the first page of any set of responses which contain

responses containing **Confidential Information -- Counsels' Eyes Only."**

E.    **RETURN OF CONFIDENTIAL INFORMATION AT THE CONCLUSION OF ACTION**

15. Within sixty (60) days after the conclusion of this litigation, any originals or reproductions of any documents referring to or containing **Confidential Information** and/or **Confidential Information -- Counsels' Eyes Only** shall be returned to the producing party, except that work-product copies may be destroyed. Legal memoranda or briefs referring to **Confidential Information** and/or **Confidential Information -- Counsels' Eyes Only** may be retained by counsel. Insofar as the provisions of any Protective Orders entered in this action restrict the communication and use of the documents produced hereunder, such Orders shall continue to be binding after the conclusion of this litigation, except (a) that there shall be no restriction on documents that are used as exhibits (unless the exhibits were filed under seal by permission of the Court); and (b) that a party may seek the written permission of the producing party or further Order of the Court with respect to dissolution or modification of this Protective Order.

F.    **EFFECT OF PROTECTIVE ORDER**

16. The designation of any material in accordance with this Order as constituting or containing **Confidential Information** and/or **Confidential Information -- Counsels' Eyes Only** is intended solely to facilitate the preparation and trial of this action, and treatment of such material by counsel of record for named parties in conformity with such designation will not be construed in any way as an admission or agreement by any party that the designated material constitutes or contains any confidential or proprietary information.

G.    **OTHER PROVISIONS**

17. Nothing shall prevent disclosure beyond the terms of this Order if the party designating the information as **Confidential Information** and/or **Confidential Information -- Counsels' Eyes Only** consents, in writing, to such disclosure, or

1 | if the Court, after notice to all parties, orders such disclosure.

2   18. No party shall be responsible to another party for any use made of information produced and not designated as **Confidential Information** and/or **Confidential Information -- Counsels' Eyes Only**.

    19. A party shall not be obligated to challenge the propriety of a **Confidential Information** and/or **Confidential Information -- Counsels' Eyes Only** designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation of any information as **Confidential Information** and/or **Confidential Information -- Counsels' Eyes Only**, the parties shall try first to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party disputing the protected status may seek appropriate relief from the Court, and the party asserting confidentiality shall have the burden of proof.

    20. No party shall file any document, discovery, testimony, exhibits or other material with the Court, including, *inter alia*, transcripts of depositions, exhibits, briefs and memoranda, which comprise or contain **Confidential Information** and/or **Confidential Information -- Counsels' Eyes Only**, unless that party follows the following procedure: The subject document shall be filed and kept by the Court in sealed envelopes or other appropriately sealed containers on which shall be endorsed the title of this action, an indication of the nature of the contents of such sealed envelopes or other containers, the identity of the party filing the materials, the legend **"CONFIDENTIAL -- PURSUANT TO PROTECTIVE ORDER"** and/or **"CONFIDENTIAL -- COUNSELS' EYES ONLY"** and a statement substantially in the following form:

> This envelope [container] contains documents [objects]
> subject to the Protective Order entered in this action. It is
> not to be opened nor the contents thereof displayed,

revealed or made public, except by Order of the United States District Court. Nothing herein shall prevent Court personnel access to the files to perform their duties.

21. The Clerk of the Court is directed to maintain under seal all documents and transcripts of deposition testimony filed in this litigation which have been designated, in whole or in part, as **Confidential Information** and/or **Confidential Information -- Counsels' Eyes Only** by a party to this action.

22. This Order shall be without prejudice to the right of any person to object to the production of any discovery material on the basis that such material is protected as a privileged communication or work product.

23. This Order shall be without prejudice to the right of any person to apply to the Court for such further Protective Orders under the provision of the *Federal Rules of Civil Procedure* as justice may require.

**IT IS HEREBY SO ORDERED.**

DATED: 3/19/2015

_____
**The Honorable Andrew J. Wistrich**
United States Magistrate Judge

Presented By:

**MACGREGOR & BERTHEL**


By_____
   **Joshua N. Willis**
Attorneys for Defendant,
**Allstate Insurance Company**